**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| DOMINIQUE R. BROWN, | )   CASE NO.   19-CR-40096-JPG |
| | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Reconsideration of Bond (Doc. 23) filed by Defendant Dominique R. Brown. Defendant is charged with three counts of distribution of methamphetamine. On November 12, 2019, Defendant submitted a written waiver of detention hearing and was remanded into federal custody. Defendant asks the Court to reconsider bond and requests a temporary release to home detention with electronic monitoring due to the COVID-19 pandemic (Doc. 23). The Government has filed a response in opposition (Doc. 24). Defendant filed a reply (Doc. 25). For the reasons discussed below, Defendant's motion for reconsideration is **DENIED**.

## Background

Defendant's motion argues the circumstances that existed when he was ordered detained have now changed and he asks for temporary release pursuant to 18 U.S.C. § 3142(i). More specifically, Defendant contends that amidst the current COVID-19 pandemic his continued detention in the White County Jail will likely cause him to fall victim to the COVID-19 virus and, as an African American, Defendant asserts the situation for him may be dire. Defendant acknowledges there are no confirmed cases at the White County Jail, but asserts conditions in the

Jail and his inability to practice social distancing are ripe for an outbreak of the coronavirus. Defendant seeks release to home confinement with electronic monitoring.

The Government argues the Defendant does not claim that he has an underlying medical condition that warrants heightened concern should he contract COVID-19, and asserts Defendant merely relies on the speculative prospect of an outbreak at the White County Jail, the facility where Defendant is currently housed, to justify an indefinite, temporary release. The Government also asserts the White County Jail has implemented procedures to prevent or minimize the infiltration of COVID-19 in their facility.

The Government contends Defendant remains a danger to the community and that he should not be released. The Government asserts the evidence against Defendant is strong, as there are three controlled video purchases of methamphetamine from Defendant, one in which Defendant propositioned the confidential source to have oral sex. The Government further asserts Defendant has a long criminal history, has failed to appear for court on four separate occasions in three states since 2017, and has committed new crimes while on pretrial bond in state court for other crimes.

## **Discussion**

Pursuant to 18 U.S.C. § 3142(i), the court may permit the temporary release of a person in pretrial custody to the extent the "judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus is now identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of Illinois. With no known effective treatment, public health officials are left to urge, in the strongest possible terms, that the public should practice "social

distancing," frequent and thorough hand washing, and avoidance of close contact with others—all of which the Court acknowledges can be difficult to implement in a detention facility.

Nevertheless, Defendant's concern is simply too generalized and speculative in nature to make his temporary (indefinite) release "necessary."  Indeed, Defendant has not indicated he suffers from any ailments recognized by the Centers for Disease Control and Prevention ("CDC") as conditions that place individuals at a higher risk for severe disease[1].  While Defendant asserts inmates, and African Americans such as himself, are generally at a higher risk of contracting the virus and suffering severe illness, this is not sufficient to establish a compelling reason for a temporary release.  The Government proffers that the White County Jail has implemented precautionary procedures to prevent or minimize the infiltration of COVID-19 into their facility.  Moreover, as of May 21, 2020, according to the Benton Supervisory Deputy Marshal Tana Curtright, there is no evidence of the presence of COVID-19 in the White County Jail, and Defendant has not made any indication to the contrary.  Further, there appears to be only two confirmed cases of COVID-19 in White County generally[2].  Defendant has the burden of showing the temporary release is necessary under the circumstances and he has failed to meet that burden.

For these reasons, the Motion for Reconsideration of Bond (Doc. 23) is **DENIED** without prejudice to a renewed motion should the circumstances in the jail materially change.

**IT IS SO ORDERED.**

**DATED:   June 4, 2020**

---

[1] This includes individuals aged 65 years and older and those with serious underlying medical conditions, such as chronic lung disease or moderate to severe asthma, people with serious heart conditions, people with severe obesity and those with diabetes, renal failure, or liver disease.  *See, e.g.,* Centers for Disease Control and Prevention available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.
[2] *See* Illinois Department of Public Health at http://dph.illinois.gov/covid19.

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**