UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40096-JPG |
| DOMINIQUE R. BROWN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dominique R. Brown's motion for a free copy of his docket sheet, his plea agreement, and his sentencing transcript (Doc. 59). His sentencing transcript has not been prepared. He claims he needs these documents because of changes in the law that apply to him and for which he needs to show what happened in his case.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

The Court imposes similar requirements before it will order a transcript to be prepared if

it does not yet exist in the record.  A defendant has a right to a free transcript under limited circumstances.  This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action.  *See* 28 U.S.C. § 753(f).  These requirements do not violate the Constitution.  *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Brown has not shown that he has exhausted all other means of accessing the documents in his file that already exist, such as, for example, asking his trial counsel for them.  Nor has he submitted any kind of documentation that he is financially unable to pay for copies of those documents.  While his pauper status at his criminal trial may carry over to an appeal of that proceeding under Federal Rule of Appellate Procedure 24(a)(3), it does not entitle him to free copies of documents in his file.  Finally and most importantly, he has not pointed to any pending, non-frivolous court proceeding for which the requested documents are necessary.

For these reasons, the Court **DENIES** Brown's motion for free copies **without prejudice** to another motion making the appropriate showing (Doc. 59).

**IT IS SO ORDERED.**
**DATED:  September 3, 2024**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**